# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:04CR100-MU

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **ISAAC EUGENE ASBURY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion to Strike Government's Objections to the Magistrate's Memorandum and Recommendations. Magistrate Judge Horn recommended suppression of Defendant's May 4, 2004 confession to armed robbery based on multiple improprieties in police conduct. After reviewing the record and the filings, it is clear to the Court that the Government's objections are untimely. Thus, Defendant's motion is GRANTED and the Magistrate's Memorandum and Recommendations are AFFIRMED.

Under 28 U.S.C. § 636(b)(1)(C), the parties have ten days from the issuance of the magistrate's Memorandum and Recommendations to file specific written objections. The purpose of this section is to preserve judicial economy by allowing the court "to focus attention on those issues– factual and legal– that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). Thus, the objections must be specifically set out and not simply a blanket pronouncement, or they will be treated as though no objection had been filed at all. Page v. Lee, 337 F.3d 411, 416 fn.3 (4th Cir. 2003). In the Fourth Circuit, when objections are either untimely or overly general, a party has waived its right to *de novo* review, and the Court need only review the record for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005).

Here, Magistrate Judge Horn issued his Memorandum and Recommendations ("M & R") on December 6, 2005. On December 15, 2005, the Government filed a general notice of objection claiming a need for the hearing transcript before appropriately specific objections could be filed. That transcript was ready the next day, December 16, 2005. Over a month later, on January 22, 2006, the Government filed its specific objections to the M & R. Though the Court is inclined to be lenient on procedural issues where a potentially dangerous defendant such as the one here is involved, this cannot possibly be considered timely.

The Government's first objection clearly failed to meet the specificity requirements of § 636(b)(1)(C). However, the Government's stated need for a transcript is understandable, and the Court would ordinarily treat such a motion as sufficient were it followed up in a timely manner. In this case, however, the Government took over a month from the transcript's release, forty-seven days from issuance of the M&R, to file its specific objections. § 636(b)(1)(C) limits the objection time to ten days; there is no reason, then, why the Government should have had more than ten days from the release of the transcript to prepare its objections. If more time was needed, this Court would have been more than willing to grant an extension. In fact, all the Government needed do was pick up the phone and make a call; even such an informal motion would have been sufficient in light of these complex and important issues. The Government did not do this, however; instead, it simply took the time it needed, apparently expecting to file its objections whenever it got around to doing so and then to have the Court's full and immediate attention.

It pains the Court that a defendant with such a violent and recidivist history will not receive a full review here, but the Court takes comfort in the ability of Magistrate Judge Horn and the wisdom of his opinion. Because of this, it is unnecessary to override the important concerns of § 636(b)(1)(C) by reviewing the issue *de novo* despite the Government's untimely objections. Thus,

the M&R is reviewed for clear error. Examining the Magistrate's well-reasoned opinion, the Court finds no such error.

**IT IS THEREFORE ORDERED** that Defendant's motion is **GRANTED** and the Magistrate's Memorandum and Recommendations are **AFFIRMED**.

Signed: February 16, 2006

Graham C. Mullen
United States District Judge